WB

**19   3192**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1 Kelley Drive, Coal Township, PA 17866 _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____ Philadelphia _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _07/22/2019____    David McGill _____    _____
                          *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☑ 8. Habeas Corpus    2254
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                          *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WB

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Long | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. **19    3192** |
| McGinley, et. al. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      **2254** (☒)

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      (☐)

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (☐)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      (☐)

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.      (☐)

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (☐)

| | | |
|---|---|---|
| JUL 22 2019 | Davl McGonne | |
| **Date** | **Deputy Clerk** | **Attorney for** |
| | | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

WB

PAE AO 241
(Rev. 07/10)

Page 4

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District:  Eastern District of Pennsylvania |
|---|---|
| Name (under which you were convicted): Butchie Long | Docket or Case No.: 19   3192 |
| Place of Confinement: SCI Coal Township | Prisoner No.: LA3932 |
| Petitioner (Include the name under which you were convicted): Butchie Long | Respondent (Name of Warden, Superintendent, Jailor, or  authorized person having custody of petitioner): Thomas S. McGinley, Superintendent |

v.

The District Attorney of the County of: Philadelphia

and

The Attorney General of the State of: Pennsylvania

### PETITION

1.  (a)    Name and location of court that entered the judgment of conviction you are challenging: Court of Common Pleas of Philadelphia County, Pennsylvania. 1301 Filbert Street, Philadelphia, Pennsylvania.

    (b)    Criminal docket or case number (if you know): CP-51-CR-0003619-2012

2.  (a)    Date of judgment of conviction (if you know): 5/17/2013

    (b)    Date of sentencing: 5/17/2013

3.    Length of sentence: Life, plus 1-2 yrs.

4.    In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case: Murder first-degree VUFA, and PIC.

PAE AO 241
(Rev. 07/10)

6.  (a)  What was your plea?  (Check one)
    ☒ (1)   Not Guilty                    ☐ (3)   Nolo contendere (no contest)
    ☐ (2)   Guilty                        ☐ (4)   Insanity plea

    (b)  If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge,
         what did you plead guilty to and what did you plead not guilty to? _____

         Not Applicable

    (c)  If you went to trial, what kind of trial did you have?  (Check one)
         ☒   Jury                         ☐   Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?
         ☐   Yes                          ☒   No

8.  Did you appeal from the judgment of conviction?
         ☒   Yes                          ☐   No

9.  If you did appeal, answer the following:
    (a)  Name of court: Superior Court of Pennsylvania.
    (b)  Docket or case number (if you know): 1793 EDA 2013
    (c)  Result: Judgment of Sentence was affirmed
    (d)  Date of result (if you know): 7/9/2014
    (e)  Citation to the case (if you know): Unknown
    (f)  Grounds raised: The Evidence Is Insufficient To Support Defendant's
         Conviction For The Offense Of Murder Of The First Degree
         Because The Commonwealth's Failed To Prove Beyond A
         Reasonable Doubt That The Defendant Was The Shooter
         And Responsible For The Victim's Death.

Page 5

9. (f)   Continued


The Trial Court Abused It's Discretion In Denying
Appellant's Motion For A New Trial Based On
A Claim That The Verdict Was Against The Weight
Of The Evidence.

PAE AO 241
(Rev. 07/10)

Page 6

(g)  Did you seek further review by a higher state court?  ☒ Yes  ☐ No

If yes, answer the following:

(1) Name of court: _Pennsylvania Supreme Court_

(2) Docket or case number (if you know): _416 EAL 2014_

(3) Result: _Petition for Allowance of Appeal Denied_

(4) Date of result (if you know): _1/26/15_

(5) Citation to the case (if you know): _Unknown_

(6) Grounds raised: _The Identification Procedure Was Unduly Suggestive, and There Is a Substantial Likelihood Gaffney Misidentified Petitioner_

(h)  Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☐ Yes  ☒ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: _____ _Not Applicable_

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

Page 6

11. (a) Continued

and 11/17/16, an Amended Petition and three
Supplemental Petitions were filed, respectively.

PAE AO 241
(Rev. 07/10)

Page 7

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes            ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(b)  If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Court of Common Pleas

(2) Docket or case number (if you know): CP·51· CR· 0003619· 2012

(3) Date of filing (if you know): 3/22/19

(4) Nature of the proceeding: Post-Conviction

(5) Grounds raised: Detectives Suppressed Lidell Brightman's Exculpatory Non-Identification of Butchie Long, And His Identification Of Someone Other Than Mr. Long, And The Commonwealth Failed To Disclose Exculpatory Non-Identification Of Mr. Long To Trial Counsel As Required By Brady v. Maryland, 373 U.S. 82 (1963), And It's Progeny.

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes            ☐ No   Not Applicable

(7) Result: Matter is still pending in PCRA Court.

(8) Date of result (if you know): _____

(c)  If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Not Applicable

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

PAE AO 241
(Rev. 07/10)

Page 8

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes          ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d)   Did you appeal to the highest state court having jurisdiction over the action taken on your petition,

application, or motion:   Not Applicable

(1)   First petition:        ☐ Yes        ☐ No
(2)   Second petition:    ☐ Yes        ☐ No
(3)   Third petition:      ☐ Yes        ☐ No

(e)   If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Not Applicable

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the
Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four
grounds.  State the facts supporting each ground.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-
court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Detectives Suppressed Lidell Brightman's
Exculpatory Non-Identification of Butchie Long, And His

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
Facts to be developed in amended petition once fully
exhausted in state court.

_____

_____

_____

_____

Page 8

12. Ground One Continued

His Identification Of Someone Other Than Mr. Long, And The Commonwealth Failed To Disclose Exculpatory Non-Identification Of Mr. Long To Trial Counsel As Required By Brady v. Maryland, 373 U.S. 82 (1963), And It's Progeny.

(b) If you did not exhaust your state remedies on Ground One, explain why: _Not Applicable_

_____

_____

_____

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        ☐ Yes        ☐ No    Not Applicable

    (2) If you did not raise this issue in your direct appeal, explain why? _____

    _____

    _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes        ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _Petition for Writ of Habeas Corpus & Post-Conviction Relief_

    Name and location of the court where the motion or petition was filed: _Court of Common Pleas of Philadelphia County, Pennsylvania_

    Docket or case number (if you know): _CP-51-CR-0003619-2012_

    Date of the court's decision: _Matter is still pending._

    Result (attach a copy of the court's opinion or order, if available): _____

    _____ Not Applicable _____

    (3) Did you receive a hearing on your motion or petition? _N/A_  ☐ Yes  ☐ No

    (4) Did you appeal from the denial of your motion or petition? _N/A_  ☐ Yes  ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        ☐ Yes        ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _Not Applicable_

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

PAE AO 241
(Rev. 07/10)

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise
this issue: _____ Not Applicable _____

_____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,
etc.)  that you have used to exhaust your state remedies on Ground One: _Not Applicable_

_____

_____

**GROUND TWO:** Trial Counsel Was Ineffective For Not Interviewing
Or Attempting To Interview Eric Green Before Trial. Trial Counsel's

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
Facts to be developed in amended petition.

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____
_____ Not Applicable _____

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐   Yes          ☐   No   Not Applicable

Page 10

Ground Two Continued

Failure Prejudiced Butchie Long Because It Deprived
The Jury From Hearing And Learning About Green's
Exculpatory Non-Identification Of Mr. Long.

PAE AO 241
(Rev. 07/10)

Page 11

(2) If you did not raise this issue in your direct appeal, explain why? Not Applicable

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-Conviction Petition

Name and location of the court where the motion or petition was filed: Court of Common Pleas of Philadelphia County, Pennsylvania

Docket or case number (if you know): See page 4 supra.

Date of the court's decision: 11/21/2016

Result (attach a copy of the court's opinion or order, if available): Denied relief and dismissed PCRA petition.

_____

(3) Did you receive a hearing on your motion or petition?      ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?      ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☒ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Superior Court of Pennsylvania Eastern District

Docket or case number (if you know): 3691 EDA 2016

Date of the court's decision: 6/18/2018

Result (attach a copy of the court's opinion or order, if available): See attached court's opinion

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: Not Applicable

_____

_____

_____

PAE AO 241
(Rev. 07/10)

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: <u>Not Applicable</u>

_____

_____

_____

**GROUND THREE:** <u>Trial Counsel Was Ineffective For Not Presenting Delissa Griffin As A Defense Witness At Trial, And Counsel's</u>

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.): <u>Facts to be developed in amended petition</u>

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: <u>Not Applicable</u>

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        ☐   Yes   <u>Not Applicable</u> ☐   No

    (2) If you did not raise this issue in your direct appeal, explain why? <u>Not Applicable</u>

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑   Yes          ☐   No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: <u>See page 11(d) supra.</u>

Page 12

Ground Three Continued

Ineffectiveness Prejudiced Butchie Long Because The Jury Was Deprived From Hearing Testimony That Mr. Long Was Somewhere Else At The Time Of The Shooting.

Name and location of the court where the motion or petition was filed: _See page 11_
_(d) supra._

Docket or case number (if you know): _See page 4_

Date of the court's decision: _See page 11 (d)(2) supra._

Result (attach a copy of the court's opinion or order, if available): _See page 11 (d)(2)_
_supra._

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _See page 11 (d)(6)._

Docket or case number (if you know): _See page 11 (d)(6)._

Date of the court's decision: _See page 11(d)(6)._

Result (attach a copy of the court's opinion or order, if available): _See attached_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise
this issue: _Not Applicable_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,
etc.) that you have used to exhaust your state remedies on Ground Three: _____
_Not Applicable_

**GROUND FOUR:** _Detectives Suppressed Eric Green's Statement_
_To Detectives On December 30, 2011, That Contained An_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_Facts to be developed in amended petition_

Page 13

Ground Four

Exculpatory Non-Identification Of Butchie Long, That Detectives Suppressed Green's Exculpatory Non-Identification, And That This Suppression Prejudiced Mr. Long. Brady v. Maryland, 373 U.S. 83 (1963).

PAE AO 241
(Rev. 07/10)

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: ___Not Applicable___

_____

_____

_____

_____

**(c) Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes     ☐ No     Not Applicable

(2) If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _See page 11(d)(2)_

Name and location of the court where the motion or petition was filed: _See page 11(d)(2)_

_____

Docket or case number (if you know): _See page 4 supra._

Date of the court's decision: _See page 11(d)(2)_

Result (attach a copy of the court's opinion or order, if available): _See page 11(d)(2)_

_____

(3) Did you receive a hearing on your motion or petition?     ☑ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐ No

PAE AO 241
(Rev. 07/10)

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☒ Yes                    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: See page 11(d)(6)

Docket or case number (if you know): See page 11(d)(6)

Date of the court's decision: See page 11 (d)(6)

Result (attach a copy of the court's opinion or order, if available): See attached

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: Not Applicable

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: 

Not Applicable

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?       ☒ Yes       ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Ground One is still pending in court of common pleas on a post-conviction petition. Ground Six was raised in a post-conviction petition but post-conviction counsel failed to raise claim on appeal.

(b)   Is there any ground in this petition that has not been presented in some state or federal court?  If
so, which ground or grounds have not been presented, and state your reasons for not presenting
them:   No

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the
conviction that you challenge in this petition?        ☐  Yes        ☒  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the
issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.
Attach a copy of any court opinion or order, if available.   Not Applicable

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or
federal, for the judgment you are challenging?        ☒  Yes        ☐  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and
the issues raised:   See page 7 (b)(1)(2)(4)(5)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of
the judgment you are challenging:
(a)   At preliminary hearing:   Eugene linari, Esq.

(b)   At arraignment and plea:   Eugene linari, Esq

PAE AO 241
(Rev. 07/10)

Page 17

(c)    At trial: Eugene Tinari, Esq.

(d)    At sentencing: Eugene Tinari, Esq.

(e)    On appeal: Eugene Tinari, Esq.

(f)    In any post-conviction proceeding: Craig M. Cooley, Esq
1308 Plumdale Court Pittsburgh, PA 15239

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____
Craig M. Cooley, Esq.

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes   ☒ No

(a)    If so, give the name and location of the court that imposed the other sentence you will serve in the future: _____

(b)    Give the date the other sentence was imposed: Not Applicable

(c)    Give the length of the other sentence: Not Applicable

(d)    Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes   ☐ No

18.    **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition*
Not Applicable. Petition is timely

PAE AO 241
(Rev. 07/10)

_____

_____

_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court.  The limitation period shall run from the latest of –

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: 1) In accordance with the rationale employed in Heleva v. Brooks, 581 F.3d 187 (C.A. 3 (Pa) 2009 )( habeas petitioner could be eligible for stay-and-abeyance where only un-exhausted claims were at issue), or any other relief to which petitioner may be entitled.

_____
Not Applicable
Signature of Attorney (if any)

Page 18 Continued

Place Petitioner's habeas corpus petition under stay-and-abeyance so that Ground One can be fully exhausted in state court;

2) Appoint the Federal Community Defender Office as counsel;

3) Require the Commonwealth to file a responsiv pleading;

4) Upon such filing, the Court should grant summary relief by vacating Petitioner's convictions and sentences based upon the gross misconduct alleged herein;

5) Alternatively, the Court should conduct an evidentiary hearing on any disputed issue or allegation of Fact;

6) Following such hearing, the Court should vacate Petitioner's convictions and sentences.

PAE AO 241
(Rev. 07/10)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___7/17/2019___.

(month, date, year)

Executed (signed) on ___7/17/19_____ (date).

_____Butchie Long_____

Signature of Petitioner

If the person signing is not the petitioner, state the relationship to petitioner and explain why petitioner is not signing this petition. _____

_____Not Applicable_____

PAE AO 241
(Rev. 07/10)

Page 10

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is  "No," explain why you did not raise

this issue: _____

_____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.)  that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND ~~TWO:~~ FIVE** The Cumulative Impact of Trial Counsel's Ineffectiveness And The Commonwealth's Brady Violation,

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.): Facts to be developed in amended petition

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground ~~Two,~~ Five explain why: Not Applicable

_____

_____

_____

(c) **Direct Appeal of Ground ~~Two:~~ Five**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐   Yes          ☐   No      Not Applicable

Ground Five Continued

Rendered Mr. Long's Trial Fundamentally Unfair. United States Constitution Amendments 5, 6, 8, 14.

PAE AO 241
(Rev. 07/10)

(2) If you did not raise this issue in your direct appeal, explain why? _Not Applicable_

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes        ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _See page 11(d)_

Name and location of the court where the motion or petition was filed: _See page 11(d)(6)_

Docket or case number (if you know): _See page 4 or page 11(d)(6)_

Date of the court's decision: _See page 11(d)(6)_

Result (attach a copy of the court's opinion or order, if available): _See attached_

_____

(3) Did you receive a hearing on your motion or petition?        ☒ Yes        ☐ No

(4) Did you appeal from the denial of your motion or petition?        ☒ Yes        ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☒ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _See page 11(d)(6)_

Docket or case number (if you know): _See page 11(d)(6)_

Date of the court's decision: _See page 11(d)(6)_

Result (attach a copy of the court's opinion or order, if available): _See attached_

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _Not Applicable_

_____

_____

_____

PAE AO 241
(Rev. 07/10)

~~Page 12~~

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ~~Two:~~ <sup>tive</sup>  Not Applicable

_____

_____

_____

**GROUND ~~THREE~~** <sup>SIX</sup>**:** Trial counsel was Ineffective For Not Timely Informing Mr. Long Of The Commonwealth's Plea Offer

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
Facts Will be developed in amended petition.

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground ~~Three~~ <sup>Six</sup>, explain why: The ineffective assistance of state post-conviction counsel constitutes Cause and prejudice to overcome the procedural default of this claim pursuant to Martinez v. Ryan, 566 U.S. 1 (2012).

(c) **Direct Appeal of Ground ~~Three~~** <sup>Six</sup>**:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes        ☐ No    Not Applicable

(2) If you did not raise this issue in your direct appeal, explain why?  _____

Not Applicable

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes        ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: See page 11(d)(2)

PAE AO 241
(Rev. 07/10)

~~Page 13~~

Name and location of the court where the motion or petition was filed: See page 11(d)(2)

Docket or case number (if you know): See page 4 supra.

Date of the court's decision: See page 11(d)(2)

Result (attach a copy of the court's opinion or order, if available): See page 11(d)(2)

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: See page 11(d)(6)

Docket or case number (if you know): See page 11(d)(6)

Date of the court's decision: See page 11(d)(6)

Result (attach a copy of the court's opinion or order, if available): See attached

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: The ineffective assistance of state post-conviction counsel constitutes cause and prejudice to overcome the procedural default of this claim as post-conviction counsel failed to raise issue in the appeal.

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ~~Three:~~ Six: Not Applicable

~~GROUND FOUR:~~

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

J-S02003-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
BUTCHIE LONG   :
  :
Appellant   :   No. 3691 EDA 2016

Appeal from the PCRA Order November 21, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003619-2012

BEFORE: BOWES, J., NICHOLS, J., and RANSOM, J.*

MEMORANDUM BY BOWES, J.:          **FILED JUNE 18, 2018**

Butchie Long appeals from the order that denied his petition filed

pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

On the evening of November 10, 2011, two groups of men entered a

Philadelphia convenience store at different times. Video footage established

that Appellant was in the first group. The latter group included Ercel Butts-

Stern and Rashan Gaffney. An altercation between the groups occurred

outside the store, during which Mr. Gaffney fired a shot at the ground. A short

time later, Mr. Butts-Stern was shot five times and left in the street.

Bystanders Mazel Matthias and Tracie Hunter witnessed the incident, and they

described that a man stood over Mr. Butts-Stern as he lay on the ground and

shot him. Their descriptions of the shooter matched the clothing Appellant

had been wearing in the convenience store. Mr. Butts-Stern died later that

evening in the hospital. Mr. Gaffney gave a statement to police identifying

Appellant as the shooter.

Appellant was convicted of first-degree murder and firearms offenses

and sentenced to life imprisonment. This Court affirmed Appellant's judgment

of sentence, and our Supreme Court denied allowance of appeal.

*Commonwealth v. Long*, 105 A.3d 785 (Pa.Super. 2014) (unpublished

memorandum), *appeal denied*, 108 A.3d 34 (Pa. 2015).

Appellant filed a timely, counseled PCRA petition. After an amendment,

several supplements, and a hearing, the PCRA court denied Appellant's

petition. Appellant filed a timely notice of appeal. The PCRA court did not

order Appellant to file a statement of errors complained of on appeal pursuant

to Pa.R.A.P. 1925(b), but did author an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issues for our review, which we have

reordered and paraphrased to omit unnecessary detail.[1]

    1.   Trial counsel was ineffective for not presenting Delisa Griffin
    as a defense witness at trial.

    2.   Trial counsel was ineffective for not interviewing or
    attempting to interview Eric Green before trial.

    3.   The Commonwealth failed to produce exculpatory evidence
    in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

    4.   The cumulative impact of trial counsel's ineffectiveness and
    the Commonwealth's *Brady* violation entitles Appellant to relief.

---

[1] *See* Pa.R.A.P. 2116(a) ("The statement of the questions involved must state
concisely the issues to be resolved, expressed in the terms and circumstances
of the case but without unnecessary detail.").

J-S02003-18

* Retired Senior Judge Assigned to the Superior Court.

J-S02003-18

Appellant's brief at 3-4.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Johnson*, 179 A.3d 1153, 1156 (Pa.Super. 2018) (internal quotation marks omitted).

We begin with Appellant's claims that his trial counsel rendered ineffective assistance, mindful of the following.

> Counsel is presumed effective, and an appellant has the burden of proving otherwise. In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> To prevail on his ineffectiveness claims, Appellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the [reasonable basis] prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To establish the [prejudice] prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

*Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa.Super. 2017) (citations and quotation marks omitted).

J-S02003-18

With his first two issues, Appellant contends trial counsel was ineffective in failing to call or investigate certain witnesses. "Counsel has a general duty to undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary." *Commonwealth v. Johnson*, 966 A.2d 523, 535 (Pa. 2009). "The duty to investigate, of course, may include a duty to interview certain potential witnesses; and a prejudicial failure to fulfill this duty, unless pursuant to a reasonable strategic decision, may lead to a finding of ineffective assistance." *Id.* at 535-36.

> [W]hen raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [*Strickland v. Washington*, 466 U.S. 668 (1984)] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial[.]
>
> To demonstrate *Strickland* prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense.

*Commonwealth v. Matías*, 63 A.3d 807, 810-11 (Pa.Super. 2013) (citations and quotation marks omitted).

With this in mind, we turn to Appellant's witness claims. Appellant contends that trial counsel, Eugene Tinari, Esquire, was ineffective in failing to call Delisa Griffin as an alibi witness. Ms. Griffin testified at the PCRA

hearing that Appellant was with her at the time of the murder, but that she did not come forward initially because doing so would reveal to her friend Jazmine Cobb, who was also Appellant's girlfriend at the time, that Ms. Griffin and Appellant had been sleeping together behind Ms. Cobb's back. N.T. PCRA Hearing, 11/21/16, at 96. However, she said that she eventually talked to Appellant's Attorney Tinari on the phone and informed him that she could offer alibi testimony. *Id.* at 87-90. Ms. Griffin indicated that she attended Appellant's trial with the understanding that she would be called as a witness, and spoke with Attorney Tinari in the hallway outside of the courtroom to inquire whether she would be called. *Id.*

Attorney Tinari testified that he knew Appellant's girlfriend was Ms. Cobb, and that he spoke to Ms. Cobb often. He did not recall Ms. Griffin, and did not remember ever discussing an alibi witness with Appellant as part of his defense. *Id.* at 114-15. Attorney Tinari indicated that the "defense centered around reasonable doubt that [they] believed was going to come from the Commonwealth witnesses," and that they did not have any witnesses to establish a different location for Appellant at the time of the shooting. *Id.* at 116. Had there been an alibi that was "appropriate and advantageous," Attorney Tinari would have filed the required notice of alibi. He filed no such notice in Appellant's case "[b]ecause it wasn't an alibi defense." *Id.* at 117. If Ms. Griffin had come to him in the middle of trial about being an alibi witness, he would have told her to stay outside the courtroom while he

attempted to obtain leave to present a late-identified witness so as not to violate witness sequestration. *Id.* at 124-25. Moreover, the trial transcript reveals that the trial court asked Appellant after the Commonwealth rested whether Appellant has any witnesses that he could have been called but were not, and Appellant indicated that he did not. *Id.* at 35. Rather, Appellant stated that he was in agreement with Attorney Tinari's advice regarding potential witnesses. *Id.*

The PCRA court found no reason to disbelieve Attorney Tinari's testimony, and, conversely, that Ms. Griffin was incredible:

> Th[e PCRA c]ourt found [Ms.] Griffin's testimony unreliable as she could not conclusively establish that the events she described occurred on the night of the murder. While [she] described hosting [Appellant] at her home on the night of the murder, she appeared to describe a common pattern of her and [Appellant's] behavior instead of a specific recollection of events. When pressed to provide specifics, [Ms.] Griffin peppered her testimony with qualifiers and hedging.

PCRA Court Opinion, 1/27/17, at 8.

Appellant spends five pages in his brief arguing that Attorney Tinari was not a credible witness, but Ms. Griffin was. Appellant's brief at 66-70. However, it is well-established that "the PCRA court's credibility determinations are binding on the reviewing court, where there is record support for those determinations." *Commonwealth v. Lambert*, 765 A.2d 306, 323 (Pa.Super. 2000). The portions of the record discussed *supra* support the PCRA court's determinations. Accordingly, we are bound by them,

J-S02003-18

and we cannot grant relief based upon the argument that we should believe Appellant's witness instead.

Appellant's next argument, that Attorney Tinari was ineffective in failing to interview Eric Green, suffers from the same defect. Attorney Tinari testified at the PCRA hearing that he recalled Mr. Green's name from the discovery materials that the Commonwealth provided prior to Appellant's trial. Specifically, Mr. Green was identified in the police activity sheets as someone they questioned about Mr. Butts-Stern's murder when they interviewed him regarding an unrelated matter. However, the document indicates that no formal statement was taken from him because Mr. Green was not present during the murder and had no information about it. N.T. PCRA Hearing, 11/21/16, at 121-22.

Mr. Green testified at the PCRA hearing that he was with the decedent's group when he was shot, that he saw the shooter's face, that the shooter was not Appellant but was some unknown older bearded man, and that Mr. Green gave a statement to police informing them of all of these facts. N.T. PCRA Hearing, 11/18/16, at 31-36. Appellant contends that Mr. Green's testimony at the PCRA hearing "supports" the conclusion that, had Attorney Tinari interviewed Mr. Green, Attorney Tinari would have obtained an exculpatory statement that would have changed the outcome of Appellant's trial. Appellant's brief at 63-65.

J-S02003-18

The PCRA court determined the claim did not warrant relief because Mr. Green was not a credible witness. The PCRA court explained as follows.

[Mr.] Green's testimony was not only unpersuasive but also incredible. Nothing in [his] recollection of the facts indicated that he was present at the shooting and that his observations were accurate. [Mr.] Green failed to corroborate [Ms.] Matthias, [Ms.] Hunter, and [Mr.] Gaffney's testimony that the shooter stood over the decedent and executed him. [The statement given by another of the men who was with the decedent that night] does not mention that [Mr.] Green was present for the shooting, while [Mr.] Gaffney's statement can only confirm that [Mr.] Green was present prior to the shooting. Moreover, [Mr.] Green's testimony that he looked at the shooter's face for five minutes immediately before the shooting is implausible, as the eyewitnesses at trial testified that the decedent's group was running away from the perpetrator immediately before the shooting. [Mr.] Green's testimony is further clouded by the fact that he only developed this story after meeting [Appellant] in prison. Prior to that meeting, [Mr.] Green denied having been present at the shooting.

PCRA Court Opinion, 1/27/17, at 9-10 (citations omitted).

Again, the facts upon which the PCRA court bases its determination are supported by the record. Therefore, we cannot reach a different conclusion even though it is also supported by the record, by ignoring the PCRA court's credibility judgments. Commonwealth v. Jones, 912 A.2d 268, 293 (Pa. 2006) ("We will not disturb the findings of the PCRA court if they are supported by the record, even where the record could support a contrary holding.").

Appellant's second claim merits no relief.

Appellant next contends that he is entitled to relief based upon Brady v. Maryland, supra. He maintains that the prosecution committed a Brady

J-S02003-18

violation by not advising the defense of the exculpatory statement Mr. Green gave to the police. Appellant's brief at 74.

"The crux of the *Brady* rule is that due process is offended when the prosecution withholds material evidence favorable to the accused." *Commonwealth v. Wholaver*, 177 A.3d 136, 158 (Pa. 2018). "To succeed on a *Brady* claim, the defendant must show: (1) evidence was suppressed by the prosecution; (2) the evidence, whether exculpatory or impeaching, was favorable to the defendant; and (3) prejudice resulted." *Commonwealth v. Hannibal*, 156 A.3d 197, 209 (Pa. 2016). "A *Brady* violation exists only where the suppressed evidence is material to guilt or punishment, i.e., where there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Id.*

As discussed above, the PCRA court did not believe that Mr. Green gave the exculpatory statement to the police upon which Appellant's claim is based. Accordingly, Appellant failed to prove that the prosecution suppressed favorable information. As such, Appellant's *Brady* claim warrants no relief. *See, e.g., Commonwealth v. Roney*, 79 A.3d 595, 610 (Pa. 2013) (explaining *Brady* claim failed because, *inter alia*, the "PCRA court found that the Commonwealth had disclosed all the information in its possession").

Appellant's final contention on appeal is that the cumulative prejudice suffered by Attorney Tinari's alleged ineffectiveness and the Commonwealth's alleged *Brady* violation rendered his trial unconstitutionally unfair.

- 9 -

J-S02003-18

Appellant's brief at 76. We reject Appellant's claim. As discussed above, we have affirmed the PCRA court's conclusions that there was no ineffective assistance of counsel or *Brady* violation. The basis of our rejection of Appellant's individual claims was not his failure to prove prejudice. Therefore, Appellant cannot raise a claim of cumulative prejudice. *See Commonwealth v. Hutchinson*, 25 A.3d 277, 319 (Pa. 2011) ("[C]umulative prejudice from individual claims may be properly assessed in the aggregate **when the individual claims have failed due to lack of prejudice[.]**"). Thus, Appellant's final issue merits no relief.

Appellant has failed to convince this Court that the PCRA court erred and that he is entitled to relief. *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012) ("It is an appellant's burden to persuade us that the PCRA court erred and that relief is due."). Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/18

- 10 -

## IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

COMMONWEALTH OF PENNSYLVANIA,   :   No. 471 EAL 2018
                                :
               Respondent        :
                                :   Petition for Allowance of Appeal from
                                :   the Order of the Superior Court
          v.                     :
                                :
                                :
BUTCHIE LONG,                    :
                                :
               Petitioner        :


## ORDER


PER CURIAM

   AND NOW, this 20th day of February, 2019, the Petition for Allowance of Appeal is DENIED.

17 July 2019

Office of The Clerk
United States District Court
U.S. Courthouse
Independence Mall West
  601 Market Street
Philadelphia, PA 19106-1797

Re: 28 U.S.C. § 2254
     Habeas Corpus Petition

Enclosed please find an original copy
of my 28 U.S.C. 2254 Habeas Corpus
Petition for processing.

Thank you.



Butchie Long
LA 3932
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866-1021