# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LONG** | : | **19-cv-3192** |
| | : | **HON. WENDY BEETLESTONE** |
| **v.** | : | **UNITED STATES DISTRICT JUDGE** |
| | : | **HON. LYNNE A. SITARSKI** |
| **McGINLEY, et. al.** | : | **UNITED STATES MAGISTRATE JUDGE** |

## PETITIONER'S NOTICE OF STATUS OF PCRA LITIGATION

Petitioner, Butchie Long, by his attorneys, Karl Schwartz and Katherine Ernst, respectfully represents:

1. On July 22, 2019 Petitioner filed a *pro se Petition for Writ of Habeas Corpus* under 28 U.S.C. §2254 challenging his 2013 conviction for first degree murder and related offenses (Doc. 1).

2. Nine (9) days later, on July 31, 2019, he filed a *Motion for Stay and Abeyance* (Doc. 4), seeking to return to state court to exhaust an unexhausted claim.

3. On November 7, 2019 Magistrate Judge Lynne A. Sitarski recommended that the habeas petition be stayed and held in abeyance to allow Petitioner to exhaust his claims in state court (Doc. 11).

4. On December 3, 2019, the Honorable Wendy Beetlestone approved and adopted that recommendation to stay the litigation and ordered

Petitioner to file a notice of the status of the PCRA litigation at its conclusion, including whether the state court proceedings impacted Petitioner's habeas petition in any way (Doc. 14).

5. Karl David Schwartz, Esq. entered his appearance before this Court on October 11, 2020.

6. Katherine Ernst, Esq., entered her appearance as co-counsel on March 4, 2021.

7. In the state litigation, on July 28, 2020, the Superior Court held that Petitioner's PCRA petition was properly filed, but affirmed the PCRA Court's dismissal of the petition on the merits (No. 2770 EDA 2019), and on November 19, 2020, the Pennsylvania Supreme Court dismissed Petitioner's petition for allowance of appeal (153 ET 2020). The Superior Court's Opinion is attached hereto.

8. Concurrent with the filing of this Notice of Status, Petitioner files a *Motion for Leave to Amend Petitioner's Petition for a Writ of Habeas Corpus*; and a *Motion for Permission to File a Brief in Support of Petitioner's Amended Habeas Petition or, in the Alternative, a Motion for Stay and Abeyance*.

9. Petitioner will not be pursuing the claim that was exhausted (and denied) during this Court's stay of the proceedings, and thus that claim

does not appear in Petitioner's proposed *Amended Petition for a Writ of Habeas Corpus*. Nor does the claim affect the present and forthcoming litigation.

Respectfully Submitted:

*s/Karl Schwartz*
KARL SCHWARTZ, ESQ.
KATHERINE ERNST, ESQ.
Wiseman & Schwartz, LLP
718 Arch Street, Suite 702 N
Philadelphia, PA 19106
schwartz@wisemanschwartz.com
(215) 360 – 3988


DATE:	March 5, 2021

## Certificate of Service

I, Karl Schwartz, hereby certify that on this 5th day of March, 2021, I served the foregoing upon the following persons by filing the same with this Court's ECF Filing System:

>Laura Zipin, Esq.
>Philadelphia County
>District Attorney's Office

>*/s/ Karl Schwartz*

>Karl Schwartz

Neutral
As of: March 5, 2021 9:27 PM Z

# Commonwealth v. Long

Superior Court of Pennsylvania

July 28, 2020, Decided; July 28, 2020, Filed

No. 2770 EDA 2019

**Reporter**
2020 Pa. Super. Unpub. LEXIS 2381 *; 239 A.3d 105; 2020 WL 4332930

COMMONWEALTH OF PENNSYLVANIA v. BUTCHIE **LONG**, Appellant

**Notice:** PUBLISHED IN TABLE FORMAT IN THE ATLANTIC REPORTER.

**Prior History:** [*1] Appeal from the PCRA Order Entered September 24, 2019, in the Court of Common Pleas of Philadelphia County, Criminal Division at No. CP-51-CR-0003619-2012.

Commonwealth v. **Long**, 105 A.3d 785, 2014 Pa. Super. LEXIS 3612 (Pa. Super. Ct., July 9, 2014)

## Core Terms

credibility determinations, sentence, evidentiary hearing, shooter, due diligence

**Judges:** BEFORE: BOWES, J., KING, J., AND FORD ELLIOTT, P.J.E. MEMORANDUM BY FORD ELLIOTT, P.J.E.

**Opinion by:** ELLIOTT, P.J.E.

## Opinion

MEMORANDUM BY FORD ELLIOTT, P.J.E.:

Butchie **Long** appeals from the September 24, 2019 order entered by the Court of Common Pleas of Philadelphia County denying appellant's second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court set forth the following procedural history:

> On January 19, 2012, [appellant] was arrested and charged with murder and related offenses. On May 17, 2013, after a jury trial, [appellant] was convicted of first-degree murder, firearms not to be carried without a license, and possession of an instrument of crime ("PIC").[1] On that date, [the trial court] imposed the mandatory sentence of life imprisonment without parole for first-degree murder, and concurrent sentences of one to two years['] imprisonment for firearms not to be carried without a license and PIC, for a total sentence of life imprisonment without parole.
>
> [Appellant] appealed and on July [*2] 9, 2014, the Superior Court affirmed the judgment of sentence.[2] On January 26, 2015, the Pennsylvania Supreme Court denied allowance of appeal.[3]

---

[1] 18 Pa.C.S.A. §§ 2502(a), 6106(a), 907(a), respectively.

[2] **Commonwealth v. Long**, 105 A.3d 785 (Pa.Super. 2014) (unpublished memorandum).

[3] **Commonwealth v. Long**, 630 Pa. 741, 108 A.3d 34 (Pa. 2015). Appellant did not file a petition for a writ of *certiorari* with the Supreme Court of the United States.

On December 1, 2015, [appellant] filed a counseled, timely [PCRA] petition. On November 21, 2016, after an evidentiary hearing, [the PCRA court] dismissed the petition. [Appellant] appealed and on June 18, 2018, the Superior Court affirmed [the PCRA court's] dismissal.[4] On March 21, 2019, the Supreme Court of Pennsylvania denied his petition for allowance of appeal.[5]

On March 22, 2019, [appellant] filed a *pro se* writ of *habeas corpus*, which [the PCRA court] treat[ed] as a second, subsequent PCRA petition. On June 25, 2019, appointed PCRA counsel filed an amended petition. On September 24, 2019, after an evidentiary hearing, [the PCRA court] dismissed the instant petition. On that same date, [appellant] filed a notice of appeal. [The PCRA court] did not require [appellant] to file a statement of matters complained of on appeal pursuant to *Pa.R.A.P. 1925(b)*.

PCRA court opinion, 11/4/19 at 1-2 (extraneous capitalization omitted). The PCRA court filed an opinion pursuant to *Pa.R.A.P. 1925(a)* on November 4, 2019.

In its *Rule 1925(a)* opinion, the PCRA court set forth the following [*3] facts as elicited at the September 24, 2019 PCRA hearing:

> At the September 24, 2019 evidentiary hearing, [appellant's] witness Liddell Brightman testified that on January 8, 2012, after having been shown a photo array by homicide detectives, he identified [appellant] as the shooter. On May 14, 2013, the date of the trial in the instant matter, Brightman appeared at the Criminal Justice Center to testify, accompanied by his father, and spoke with detectives outside of the courtroom. [Appellant] identified Detectives Thorsten Lucke and Francis Kane, the same detectives that took his January 8, 2012 statement, as African-American. The taller detective, Detective Lucke, allegedly asked Brightman if he was prepared to identify [appellant] as the shooter. Brightman indicated that he was not, [and] Detective Lucke told him to "get the f**k out of here," whereupon Brightman left the building.
> . . .
>
> With counsels' agreement, [the PCRA court] took judicial notice of the fact that both Detectives Lucke and Kane are Caucasian males, and could not be construed as being of African descent. The trial record indicates that trial counsel had sought a missing witness instruction after Brightman failed [*4] to testify at trial.

*Id.* at 5, citing notes of testimony, 9/24/19 at 19-27, 51-54, 61-62.

Appellant raises the following issue for our review:
> Did the PCRA court err in denying relief where [appellant] presented compelling and credible testimony at this evidentiary hearing that, if admitted at trial, would have likely compelled a different result?

Appellant's brief at 7.

The PCRA requires that any petition for collateral relief be filed within one year of the date that the judgment of sentence becomes final. *42 Pa.C.S.A. § 9545(b)(1)*. "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Commonwealth v. Callahan, 2014 PA Super 208, 101 A.3d 118, 122 (Pa.Super. 2014)*, quoting *42 Pa.C.S.A. § 9545(b)(3)*.

Here, appellant's judgment of sentence became **final on April 26, 2015**, following the conclusion of the period in which appellant could have filed a petition for a writ of *certiorari* with the Supreme Court of the United States. See *U.S. Sup. Ct. R. 13*. Appellant filed the instant PCRA petition on March 22, 2019 - over three years after his judgment of sentence became final and over two years after a PCRA petition could be considered timely. See *42 Pa.C.S.A. § 9545(b)(1)*. Accordingly, appellant's [*5] petition is facially untimely.

A petitioner may only file a PCRA petition beyond one year of the date the judgment of sentence becomes final if, *inter alia*, "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" *42 Pa.C.S.A. § 9545(b)(1)(ii)*.

> "[T]he time limitations pursuant to . . . the PCRA are jurisdictional." *Commonwealth v. Fahy, [] 558 Pa. 313, 737 A.2d 214, 222 ([Pa.] 1999)*. "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." *Id.* "If the petition is determined to be untimely, and no

---

[4] *Commonwealth v. Long*, 193 A.3d 1085 (Pa.Super. 2018).

[5] *Commonwealth v. Long*, 202 A.3d 686, 651 Pa. 94 (Pa. 2019). Appellant did not file a petition for a writ of *certiorari* to the Supreme Court of the United States.

exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Perrin, 2008 PA Super 91, 947 A.2d 1284, 1285 (Pa.Super. 2008)*.

*Commonwealth v. Jackson, 2011 PA Super 219, 30 A.3d 516, 519 (Pa.Super. 2011)*, **appeal denied**, 616 Pa. 634, 47 A.3d 845 (Pa. 2012). In cases in which a petitioner is claiming an exception to the PCRA time-bar, the petition must be filed within one year of the date the claim could have been presented. *42 Pa.C.S.A. § 9545(b)(2)*.

In the instant case, appellant contends that he has presented newly discovered evidence in the form of Liddell Brightman's testimony. (Appellant's brief at 10.) At the PCRA hearing, the PCRA court found Brightman's testimony to [*6] be incredible and dismissed appellant's petition. (Notes of testimony, 9/24/19 at 64.) On appeal, appellant contends that the PCRA court erred because, "the PCRA court relie[d] exclusively on [] Brightman's confusion regarding the race of the [d]etectives as evidence of his incredibility." (Appellant's brief at 13.) Specifically, appellant argues that the PCRA court "failed to appreciate [] the distance in time between [appellant's] trial (May 2013) and the PCRA court's evidentiary hearing (September 2019)." (*Id.* (parentheticals in original).)

Before we can review the merits of appellant's petition, we must first determine whether we have jurisdiction to do so.

> The timeliness exception set forth at [*42 Pa.C.S.A.] § 9545(b)(1)(ii)* has two components, which must be alleged and proven as an initial jurisdictional threshold. **Commonwealth v. Brown**, 2015 PA Super 24, 111 A.3d 171, 176 (Pa.Super. 2015). Namely, the petitioner must establish that: (1) the facts upon which the claim was predicated were unknown; and (2) they could not have been ascertained by the exercise of due diligence. **See Commonwealth v. Bennett**, [] 593 Pa. 382, 930 A.2d 1264, 1272 ([Pa.] 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests and explain why he could not have learned the new facts earlier with the exercise of due diligence. *Commonwealth v. Monaco, 2010 PA Super 84, 996 A.2d 1076, 1080 (Pa.Super. 2010)*.

Once it is [*7] established that the PCRA court has jurisdiction over the claim, the petitioner can present a substantive after-discovered evidence claim. **See** *42 Pa.C.S.[A.] § 9543(a)(2)(vi)*. In order to obtain relief on a substantive after-discovered evidence claim, a petitioner must demonstrate that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. *Commonwealth v. Washington, [] 592 Pa. 698, 927 A.2d 586 ([Pa.] 2007)*. The substantive merits-based analysis is more demanding tha[n] the analysis required by the "new facts" exception to establish jurisdiction. **See Bennett**, [] 593 Pa. 382, 930 A.2d 1264.

*Commonwealth v. Diggs, 2019 PA Super 306, 220 A.3d 1112, 1117 (Pa.Super. 2019)*.

Here, the PCRA court concluded that the evidence at issue in this case was "previously unknown and could not have been ascertained by the exercise of due diligence." (PCRA court opinion, 11/4/19 at 8.) Indeed, as noted by the PCRA court:

> At trial, [appellant] sought a missing witness instruction respecting Brightman's alleged unavailability to testify. Trial counsel indicated that the Commonwealth withheld Brightman's contact information in discovery by redacting his address from statements. [*8] [(Notes of testimony, 5/15/13 at 213.)] There was no indication at trial that Brightman actually appeared prepared to testify, nor that the Commonwealth provided trial counsel with information to that effect. Prior PCRA counsel sought to interview Brightman on numerous occasions, but was not able to locate him until April 6, 2017, when he allegedly first revealed his intent to recant the contents of his statement if he testified.

*Id.* We further note that the Commonwealth does not raise an objection to the PCRA court's conclusion. To the contrary, in its brief, the Commonwealth notes that Brightman was "difficult to track down." (Commonwealth's brief at 9 n.2, citing PCRA court opinion, 11/4/19 at 8 "(indicating that [appellant's] PCRA counsel sought to interview [] Brightman but could not find him until April 6, 2017)".) We, therefore, find that appellant has met the threshold requirement set forth in **Bennett**, and we shall proceed to consider the merits of

his appeal.

On appellate review of a PCRA petition, we are held to the following standard of review:

> "Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, [*9] and whether its conclusions of law are free from legal error." *Commonwealth v. Hanible*, [] 612 Pa. 183, 30 A.3d 426, 438 ([Pa.] 2011) (citing **Commonwealth v. Colavita**, [] 606 Pa. 1, 993 A.2d 874, 886 ([Pa.] 2010)). We view the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. *Id.* . . . . "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Roney*, [] 622 Pa. 1, 79 A.3d 595, 603 ([Pa.] 2013).

*Commonwealth v. Mason*, 634 Pa. 359, 130 A.3d 601, 617 (Pa. 2015).

Our supreme court elaborated further as to the level of deference due to a PCRA court's credibility determinations:

> A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts. **See, e.g.,** *Commonwealth v. (Damon) Jones*, [] 590 Pa. 202, 912 A.2d 268, 293 ([Pa.] 2006); *Commonwealth v. Santiago*, [] 579 Pa. 46, 855 A.2d 682, 694 ([Pa.] 2004) (Opinion Announcing the Judgment of the Court) ("We are bound by the PCRA court's credibility determinations where there is record support for those determinations."); *Commonwealth v. Abu-Jamal*, [] 553 Pa. 485, 720 A.2d 79, 99 ([Pa.] 1998) ("Just as with any other credibility determination, where the record supports the PCRA court's credibility determinations, those determinations are binding on this Court."). Indeed, one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made; otherwise, issues [*10] of material fact could be decided on pleadings and affidavits alone.

*Commonwealth v. Johnson*, 600 Pa. 329, 966 A.2d 523, 539 (Pa. 2009).

In the context of a PCRA petition claiming newly discovered evidence, the *Johnson* court instructs that a PCRA court's credibility determination is linked to the fourth prong of the newly discovered evidence test set forth **supra**. *Johnson*, 966 A.2d at 542. Specifically, our supreme court has held that the PCRA court must consider "whether the nature and quality of the evidence is such that there is a reasonable probability that the jury would have credited it and rendered a more favorable verdict." *Id.*

In the instant case, the PCRA court characterized Brightman's testimony as follows:

> Brightman's testimony was wholly incredible and inadequate to support a motion for a new trial. [Appellant] contends that, had Brightman testified at trial, he would have refused to identify [appellant] as the shooter. Brightman testified that he appeared at the courthouse on the date of trial prepared to testify, but told two African-American detectives that he was not ready to identify [appellant] as the shooter. Although Brightman could not recall their names, at the evidentiary hearing, he identified the two African-American detectives as the two investigators [*11] who took his January 8, 2012 statement, whom the record demonstrates were Detectives Thorsten Lucke and Francis Kane. Upon hearing his response that he would not identify [appellant] as the shooter, Brightman contends that one of the detectives told him to "get the f**k out of here" and leave the building, and Brightman complied with this directive. The record is clear that Brightman's January 8, 2012 statement was taken by Detectives Lucke and Kane. Brightman's description of those detectives, however, is inaccurate and unbelievable. After Brightman's testimony and with the agreement of counsel, [the PCRA court] took judicial notice of Detectives Lucke's and Kane's racial backgrounds, which is Caucasian. Had Brightman spoken to these detectives on the trial date, he would have identified them as Caucasian, while if he spoke to different police officers, he would not have identified them as having taken his January 8, 2012 statement. For these reasons, Brightman's recollection of this interaction is too inaccurate to support a petition for relief based on his affidavit.

> Even if [the PCRA court] did not find Brightman's testimony incredible, it would still be insufficient to warrant collateral [*12] relief. As the Commonwealth noted in its argument, Brightman never testified that his prior police statement identifying [appellant] was a product of coercion or

that he originally identified someone else as the shooter. Notably, Brightman did not present any testimony indicating that someone other than [appellant] committed the instant shooting, nor did he describe his recollection of the night of the shooting. Instead, Brightman merely testified that he identified [appellant] in his January 8, 2012 statement, and then simply told police that he was not ready to identify [appellant] on the stand on the May 14, 2013 trial date. At no point in his testimony does Brightman provide [the PCRA court] with evidence that anyone other than [appellant] murdered the decedent. Without any exculpatory statement on the record, [the PCRA court] is bereft of evidence demonstrating that Brightman's trial testimony could have been sufficient to alter the jury's verdict. Accordingly, [appellant] fails to meet his burden, the allegations in the petition do not warrant relief, and the instant claim fails.

PCRA court opinion, 11/4/19 at 9-11 (citations to the record and extraneous capitalization omitted). **[*13]**

We, therefore, find that the record supports the PCRA court's findings of fact and that the PCRA court's conclusions of law are free of legal error. Accordingly, appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Date: 7/28/2020

---

**End of Document**