# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LONG** | : | **19-cv-3192** |
| | : | **HON. WENDY BEETLESTONE** |
| **v.** | : | **UNITED STATES DISTRICT JUDGE** |
| | : | **HON. LYNNE A. SITARSKI** |
| **McGINLEY, et. al.** | : | **UNITED STATES MAGISTRATE JUDGE** |

## MOTION FOR LEAVE TO AMEND PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner, Butchie Long, by his attorneys, Karl Schwartz and Katherine Ernst, hereby seeks leave to amend his habeas petition. This request is based upon the following:

1. On July 22, 2019 Petitioner filed a *pro se Petition for a Writ of Habeas Corpus* under 28 U.S.C. §2254 challenging his 2013 conviction for murder and related offenses (Doc. 1).

2. Nine (9) days later, on July 31, 2019, he filed a *Motion for Stay and Abeyance* (Doc. 4), seeking to return to state court to exhaust an unexhausted claim.

3. On November 7, 2019 Magistrate Judge Lynne A. Sitarski recommended that the habeas petition be stayed and held in abeyance to allow Petitioner to exhaust his claims in state court (Doc. 11). The

      Honorable Wendy Beetlestone approved and adopted that recommendation on December 3, 2019 (Doc. 14).

4. During the course of the state court litigation, on October 11, 2020, Karl David Schwartz, Esq. entered his appearance as federal counsel on behalf of Petitioner (Doc. 15).

5. On November 9, 2020, Petitioner moved for an extension of time to file an appropriate pleading, based upon the ongoing nature of the state litigation and the fact that Mr. Schwartz had been newly retained (Doc. 16). A 120-day extension was granted on November 12, 2020 (Doc. 17).

6. In the state litigation, on July 28, 2020, the Superior Court held that Petitioner's PCRA petition was properly filed, but affirmed the PCRA Court's dismissal of the petition on the merits (No. 2770 EDA 2019). On November 19, 2020, the Pennsylvania Supreme Court dismissed Petitioner's petition for allowance of appeal (153 ET 2020).

7. On March 2, 2021 Petitioner was granted access to the District Attorney's file related to Petitioner's case. In that file, an email was discovered that provides the basis of a formerly undiscovered *Brady/Napue* claim. See Claim I of Petitioner's Proposed *Amended Petition for a Writ of Habeas Corpus,* attached as Exhibit 1, hereto.

8. Petitioner now seeks to amend his *pro se* petition, with further development of four extant claims from the *pro se* Petition (which he incorporates by reference in the proposed *Amended Petition*); an additional ineffectiveness claim relating to trial counsel's failure to request an interested witness/corrupt source charge; and a *Brady* claim discovered on March 2, 2021. Petitioner's proposed *Amended Petition* is attached hereto as Exhibit 1. The proposed Appendix is attached as Exhibit 2.

9. Petitioner avers that under Rule 15, he may amend his Petition as of right pursuant to Fed. R. Civ. P. 15(1)(B) (permitting amendment as a matter of course within 21 days after service of a required responsive pleading); *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005) (applying Rule 15 to habeas actions); 28 U.S.C. § 2254 Rule 11 (same); 1 J. Liebman, Federal Habeas Corpus Practice and Procedure § 17.2 (Rule 15 applies in habeas actions). On August 15, 2019, this Court ordered the Commonwealth to file an Answer to the habeas petition, which as of this date, has not been filed. Thus, Petitioner is still within 21 days of service of the Commonwealth's Answer. However, in the event that even under these circumstances leave to amend is required, Petitioner alternatively requests that this Court grant him such leave.

10. Rule 15 of the Federal Rules of Civil Procedure provides the standard governing a habeas petitioner's motion for leave to amend or supplement a petition. *Riley v. Taylor*, 62 F.3d 86, 89-90 (3d Cir. 1995); *see also* U.S.C. § 2242 (a habeas application "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").

11. Under Rule 15, "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). In addition, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

12. Except in situations involving undue delay or bad faith on the part of the movant, justice requires that leave to amend or supplement be granted. *Riley*, 62 F.3d at 90; *Williams v. Lockhart*, 849 F.2d 1134, 1140 (8th Cir. 1988).

13. Mr. Long submits that granting this motion and allowing him to amend his § 2254 petition would serve justice.

14. There has been no bad faith or undue delay. Petitioner only discovered three days ago, the facts forming the basis of one of his two new claims.

5

One other additional IAC claim is asserted, but there will be no harm to the Government, as the Government may raise any procedural and substantive arguments against this additional claim. Additionally, Petitioner's initial habeas filing was *pro se*. He is now represented by counsel equipped to review the record and file a fact petition that sets forth the entirety of the claims, including the four previously asserted, with a degree of clarity and completeness that will best serve the Court and Respondent.

Wherefore, Mr. Long respectfully requests that this Court grant him leave to amend his §2254 petition. A proposed order is attached.

Respectfully Submitted:

*s/Karl Schwartz*_____
KARL SCHWARTZ, ESQ.
KATHERINE ERNST, ESQ.
Wiseman & Schwartz, LLP
718 Arch Street, Suite 702 N
Philadelphia, PA 19106
schwartz@wisemanschwartz.com
(215) 360 – 3988


DATE:   March 5, 2021
        Philadelphia, PA

5

## Certificate of Service

I, Karl Schwartz, hereby certify that on this 5th day of March, 2021, I served the foregoing upon the following persons by filing the same with this Court's ECF Filing System:

>Laura Zipin, Esq.
>Philadelphia County
>District Attorney's Office

>*/s/ Karl Schwartz*

>Karl Schwartz