# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LONG** | : | **19-cv-3192** |
| | : | **HON. WENDY BEETLESTONE** |
| **v.** | : | **UNITED STATES DISTRICT JUDGE** |
| | : | **HON. LYNNE A. SITARSKI** |
| **McGINLEY, et. al.** | : | **UNITED STATES MAGISTRATE JUDGE** |

## MOTION FOR PERMISSION TO: FILE A BRIEF IN SUPPORT OF PETITIONER'S AMENDED HABEAS PETITION; OR, IN THE ALTERNATIVE, TO FILE A MOTION FOR STAY AND ABEYANCE

Petitioner, Butchie Long, by his attorneys, Karl Schwartz and Katherine Ernst, hereby seeks sixty (60) days to either file a brief in support of Petitioner's (presently proposed) *Amended Habeas Petition* or, alternatively, to file a motion for a stay-and-abeyance so that he can exhaust state remedies on a newly discovered *Brady/Napue* claim (Claim I of the proposed *Amended Petition*).

1. On July 22, 2019 Petitioner filed a *pro se Petition for Writ of Habeas Corpus* under 28 U.S.C. §2254 challenging his 2013 conviction for murder (Doc. 1).

2. Nine (9) days later, on July 31, 2019, he filed a *Motion for Stay and Abeyance* (Doc. 4), seeking to return to state court to exhaust an unexhausted claim.

3. On November 7, 2019 Magistrate Judge Lynne A. Sitarski recommended that this petition be stayed and held in abeyance to allow Petitioner to exhaust his claim in state court (Doc. 11). The Honorable Wendy Beetlestone approved and adopted that recommendation on December 3, 2019 (Doc. 14).

4. On October 11, 2020, Karl David Schwartz, Esq. entered his appearance on behalf of Petitioner (Doc. 15).

5. During the pendency of state court proceedings, on November 9, 2020, Petitioner moved for an extension of time to file an appropriate pleading, based upon the ongoing nature of the state litigation and the fact that Mr. Schwartz had been newly retained (Doc. 16). A 120-day extension was granted on November 12, 2020 (Doc. 17).

6. Regarding the state litigation, on July 28, 2020, the Superior Court held that Petitioner's PCRA petition was properly filed, but affirmed the PCRA Court's dismissal of the petition on the merits (No. 2770 EDA 2019), and on November 19, 2020, the Pennsylvania Supreme Court dismissed Petitioner's petition for allowance of appeal (153 ET 2020).

7. On March 2, 2021 Petitioner was granted access to the District Attorney's trial file related to Petitioner's case. In that file, an email was discovered that provides the basis for a new *Brady/Napue* claim.

>*See* Claim I, of Petitioner's proposed *Amended Petition for a Writ of Habeas Corpus* attached as Exhibit 1, to his *Motion for Leave to Amend*, filed March 5, 2021 concurrently with this Motion.

8. Unless the Commonwealth agrees to waive exhaustion, this newly discovered claim will likely need to be exhausted in state court before it is ripe for this Court's review.

9. Given that this claim was only discovered days ago, and given other factors that have hampered undersigned counsel's efforts in this matter,[1] Petitioner requests sixty (60) days to either: (1) file a brief in support of Petitioner's proposed *Amended Habeas Petition* after obtaining the Commonwealth's agreement to waive exhaustion on the newly discovered *Brady/Napue* claim, or alternatively, (2) file a motion for stay-and-abeyance while Petitioner exhausts his state law remedies. Permitting Petitioner to file these pleadings in advance of requiring the Commonwealth's Answer will afford the Commonwealth the entirety of Petitioner's factual and legal arguments, in responding to his claims.

---

[1] Undersigned counsel has expended considerable effort in piecing his case file together from sources other than the previous attorneys' actual case files. Those files are in state postconviction counsel's storage facility in Western Pennsylvania, and cannot be retrieved during Covid.

Wherefore, for all the foregoing reasons, Petitioner requests that he be given sixty (60) days from this date, to either: (1) file a brief in support of Petitioner's *Amended Habeas Petition* after obtaining the Commonwealth's agreement to waive exhaustion on the newly discovered claim, or alternatively, (2) file a motion for stay-and-abeyance while Petitioner exhausts his state law remedies.

Respectfully Submitted:

*s/Karl Schwartz*
KARL SCHWARTZ, ESQ.
KATHERINE ERNST, ESQ.
Wiseman & Schwartz, LLP
718 Arch Street, Suite 702 N
Philadelphia, PA 19106
schwartz@wisemanschwartz.com
(215) 360 – 3988

DATE:   March 5, 2021
        Philadelphia, PA

## Certificate of Service

I, Karl Schwartz, hereby certify that on this 5th day of March, 2021, I served the foregoing upon the following persons by filing the same with this Court's ECF Filing System:

>Laura Zipin, Esq.
>Philadelphia County
>District Attorney's Office

>*/s/ Karl Schwartz*

>Karl Schwartz