# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LONG** | : | **19-cv-3192** |
| | : | **HON. WENDY BEETLESTONE** |
| **v.** | : | **UNITED STATES DISTRICT JUDGE** |
| | : | **HON. LYNNE A. SITARSKI** |
| **McGINLEY, et. al.** | : | **UNITED STATES MAGISTRATE JUDGE** |

## *UNOPPOSED* MOTION FOR ADDITIONAL EXTENSION TO FILE A BRIEF IN SUPPORT OF PETITIONER'S AMENDED PETITION OR, IN THE ALTERNATIVE, A MOTION FOR STAY AND ABEYANCE

Petitioner, Butchie Long, by his attorneys, Karl Schwartz and Katherine Ernst, seeks an additional ninety (90) days to either file a brief in support of Petitioner's Amended Habeas Petition or, alternatively, to file a motion for stay and abeyance to exhaust state remedies on a newly discovered *Brady/Napue* claim (Claim I of *Amended Petition*), based on the following.

The Commonwealth does not oppose this request.

### RELEVANT PROCEDURAL BACKGROUND

1. On March 5, 2021, after these proceedings were reactivated, following this Court's stay-and-abey order, and after Petitioner obtained federal counsel, Petitioner filed a Motion to Amend his Petition and lodged the proposed amendment. Doc. 20.

2. On March 8, 2021, the Court granted the Motion, deeming the Amendment filed as of March 5, 2021. Doc. 23.

3. Because one of the claims (Claim I) in the Amended Petition was an unexhausted *Brady/Napue* claim, on March 5, 2021, Petitioner also requested 60 days to ascertain whether the Commonwealth would waive exhaustion as to that claim. Doc. 21. This Court granted that Motion as well. Doc. Entry 22. The Commonwealth agreed to consider waiving exhaustion.

4. As of this date, the Commonwealth has not yet made its determination and has indicated that it needs an additional 90 days to conduct its initial review of the case. Thus, Petitioner asks for this additional time so that he may ascertain the Commonwealth's intention. If the Commonwealth determines that exhaustion is necessary, Petitioner will promptly file a motion to stay-and-abey. If not, he will file his *Brief in Support*.[1]

---

[1] On April 29, 2021, this Court ordered the Commonwealth to respond to the March 8, 2021 Amended Petition by May 29, 2021. Petitioner would have no objection to the Court allowing the Commonwealth to instead respond following receipt of Petitioner's *Brief in Support*.

## *Napue/Brady* Violation Underlying this Request

5. As Petitioner previously represented to this Court (Doc. 21 at 2-3), following this case's reactivation, his new counsel was granted access to the District Attorney's trial file.

6. Counsels' inspection of the file revealed a pre-trial internal prosecution email memorandum, relating to the only eyewitness in the case, and the key Commonwealth witness at trial. The contents of the memorandum were never previously disclosed to trial or successor counsel, *and formed the basis of Claim I in Petitioner's Amended Petition*.

7. The internal memorandum declared that the alleged eyewitness, who had illegally possessed and discharged a firearm during the course of the incident, and had already confessed as much to the police, would not be prosecuted. Consistent with the memorandum, the witness was never prosecuted for his crimes.

8. Notwithstanding the clear representation expressed in the memorandum, at trial when the judge, in the presence of the jury, asked whether the witness's immunity protected him from prosecution, the prosecutor falsely and repeatedly answered that the witness's immunity was limited to "use immunity." As the witness had been caught on video during the incident shooting a gun, and confessed to police to

shooting a gun, use immunity would have been of little value to the witness, and would not have prevented his prosecution. Thus, the immunity, as falsely characterized for the jury, was of little impeachment value to the defense.

9. Trial counsel has executed a declaration (which will be filed at the appropriate time) stating that this information was never disclosed to him, and therefore he had no reason to question the prosecutor's materially false representation to the jury.

10. Petitioner's pending request of the Commonwealth that it waive exhaustion is informed by the record-based nature of the facts supporting the *Brady/Napue* claim; by the fact that the violation precluded critical impeachment of a cooperator; and by the abject duplicity of the Commonwealth's representation to the jury regarding the nature of the witness's immunity.

11. Petitioner's request is also informed by this trial prosecutor's documented history of misconduct, including instances of misrepresenting the nature of a witness's cooperation in at least two other cases, which has led the Commonwealth to concede relief in those cases. Petitioner will plead with particularity, that history, and the documentation supporting it, in his forthcoming brief.

For these reasons, Petitioner respectfully requests an additional 90 days, to **August 1, 2021**, to ascertain whether the Commonwealth will waive exhaustion (in which case he will file his brief in this Court), or whether he must request permission to again return to the state courts, this time to exhaust the *Brady/Napue* violation claim, he first discovered in March of 2021.

Respectfully Submitted:

*s/Katherine Ernst*
KATHERINE ERNST, ESQ.
KARL SCHWARTZ, ESQ.
Wiseman & Schwartz, LLP
718 Arch Street, Suite 702 N
Philadelphia, PA 19106
schwartz@wisemanschwartz.com
(215) 360 – 3988

DATE:   May 3, 2021
        Philadelphia, PA

## Certificate of Service

I, Katherine Ernst, hereby certify that on this 3rd day of May, 2021, I served the foregoing upon the following persons by filing the same with this Court's ECF Filing System:

>Laura Ziprin, Esq.
>Philadelphia County
>District Attorney's Office

>/s/ *Katherine Ernst*

>Katherine Ernst