# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LONG** | : | **19-cv-3192** |
| | : | **HON. WENDY BEETLESTONE** |
| **v.** | : | **UNITED STATES DISTRICT JUDGE** |
| | : | **HON. LYNNE A. SITARSKI** |
| **McGINLEY, et. al.** | : | **UNITED STATES MAGISTRATE JUDGE** |

## <u>*UNOPPOSED* MOTION FOR 14-DAY EXTENSION TO FILE A *BRIEF IN SUPPORT* OF PETITIONER'S *AMENDED PETITION*</u>

Petitioner, Butchie Long, by his attorneys, Karl Schwartz and Katherine Ernst, seeks an additional fourteen days to file his *Brief in Support* of his *Amended Habeas Petition,* beyond the present due date of September 30, 2021.

Respondent (the Commonwealth) does not oppose this request.

**If the Court grants his request, Petitioner's** *Brief in Support* **of his** *Amended Habeas Petition* **will be filed no later than October 14, 2021.**

### RELEVANT PROCEDURAL BACKGROUND

1. On March 5, 2021, after these proceedings were reactivated, following this Court's stay-and-abey order, and after Petitioner obtained federal counsel, Petitioner filed a *Motion to Amend* his Petition and lodged the proposed amendment. Doc. 20.

2. On March 8, 2021, the Court granted the *Motion*, deeming the Amendment filed as of March 5, 2021. Doc. 23.

3. Because one of the claims (Claim I) in the *Amended Petition* was an unexhausted *Brady/Napue* claim, after filing the *Amended Petition,* Petitioner has since requested three *unopposed* extensions of time in which to file his *Brief in Support,* while awaiting the Commonwealth's decision as to whether it would waive exhaustion of the *Brady/Napue* claim. This Court granted each request; however, the Commonwealth is, as of this date, still considering whether to waive exhaustion, and has yet to make its determination.

4. In lieu of asking for another extension for status of the Commonwealth's position, Petitioner believes that the better course would be for him to file his *Brief in Support* of his *Amended Petition.* In that way, the Commonwealth (and this Court) will have the factual and legal bases of Petitioner's claims, including the *Napue/Brady* claim, and the Commonwealth will be best situated to make an informed decision as to exhaustion.

5. The Commonwealth does not oppose this approach.

6. In the event the Commonwealth decides not to waive exhaustion, Petitioner, still well within the PCRA statute of limitations, would have time to exhaust the claim in state court. In the event the Commonwealth decides to waive exhaustion, it would then file its merits response.

7. Petitioner's request of the Commonwealth is informed by the significance of the due process violation that occurred at his trial. The *Amended Habeas Petition* and forthcoming *Brief in Support,* fully develop the factual and legal bases of the violation. A summary is set forth below:

### *NAPUE/BRADY* VIOLATION IN CLAIM 1 OF AMENDED PETITION

8. As Petitioner previously represented to this Court (Doc. 21 at 2-3), following this case's reactivation, the undersigned was granted access to the District Attorney's trial file.

9. Counsels' inspection of the file revealed a pre-trial internal prosecution email memorandum, relating to the only eyewitness in the case, and the key Commonwealth witness at trial. The contents of the memorandum were never previously disclosed to trial or successor counsel.

10. The internal memorandum declared that the alleged eyewitness, who had illegally possessed and discharged a firearm during the course of the incident, and had already confessed as much to the police, would not be prosecuted. Consistent with the memorandum, the witness was never prosecuted for his crimes.

11. Notwithstanding the clear representation expressed in the memorandum, at trial when the judge, in the presence of the jury, asked

whether the witness's immunity protected him from prosecution, the prosecutor falsely and repeatedly answered that the witness's immunity was limited to "use immunity." As the witness had been caught on video during the incident shooting a gun, and confessed to police to shooting a gun, use immunity would have been of little value to the witness, and would not have prevented his prosecution. Thus, the immunity, as falsely characterized for the jury, was of little impeachment value to the defense.

12. Trial counsel has executed a declaration stating that this information was never disclosed to him, and therefore he had no reason to question the prosecutor's materially false representation to the jury. The declaration will be referenced in, and attached to, Petitioner's forthcoming *Brief in Support.*

13. The trial prosecutor in this case has a documented history of misconduct, including instances of misrepresenting the nature of a witness's cooperation in at least two other cases, which has led the Commonwealth to concede relief in those cases. This too will be addressed in Petitioner's *Brief in Support.*

For all of the foregoing reasons, Petitioner respectfully requests that he be permitted to file his *Brief in Support* of his *Habeas Petition,* on or before October 14, 2021.

Respectfully Submitted:

*s/Karl Schwartz*_____
KARL SCHWARTZ, ESQ.
KATHERINE ERNST, ESQ.
Wiseman & Schwartz, LLP
718 Arch Street, Suite 702 N
Philadelphia, PA 19106
schwartz@wisemanschwartz.com
(215) 360 – 3988

DATE:       September 29, 2021
            Philadelphia, PA

**Certificate of Service**

I, Karl Schwartz, hereby certify that on this 29th day of September, 2021, I served the foregoing upon the following persons by filing the same with this Court's ECF Filing System:

> Matthew Stiegler, Esq.
> Philadelphia County
> District Attorney's Office

> */s/ Karl Schwartz*
>
> Karl Schwartz