IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
TRIAL DIVISION – CRIMINAL SECTION

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | |
| v. | : | CP-51-CR-0003619-2012 |
| **BUTCHIE LONG** | : | (PCRA) |

### COMMONWEALTH'S MOTION TO DISMISS

TO THE HONORABLE BARBARA MCDERMOTT, JUDGE OF SAID COURT:

R. SETH WILLIAMS, District Attorney of Philadelphia County, by his Assistant, SAMUEL H. RITTERMAN, respectfully represents:

Defendant has filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, claiming that counsel was ineffective for not calling particular witnesses and/or that they are newly discovered. Defendant proposes five witnesses whom he would call at an evidentiary hearing. Second Supplemental Petition, ¶32(b). He also requests discovery orders. The Commonwealth does not oppose a hearing with regard to one proposed witness (Eric Green) but opposes granting a hearing with regard to the remainder of defendant's proposed witnesses. The Commonwealth also opposes defendant's proposed discovery orders.[1]

---

[1] The Commonwealth incorporates by reference this Court's summary of the facts from its 1925(a) opinion. The Commonwealth would add to the procedural history that the Superior Court affirmed the judgment of sentence on July 9, 2014 (1793 EDA 2013); the Supreme Court denied *allocatur* on January 26, 2015 (416 EAL 2014); PCRA counsel filed defendant's initial PCRA petition on December 1, 2015; and filed amendments or supplements on April 7, 2016, June 1, 2016, and June 3, 2016.

**1.    Jermaine Burch.**

Defendant claims that Jermaine Burch would testify that his now-deceased cell mate Benderick Sterns told him that defendant was not the shooter (Second Supplemental Petition, ¶5). As this is pure hearsay, Burch should be precluded from testifying. See Commonwealth v. Ely, 578 A.2d 540, 542 (Pa. Super. 1990) ("It is incumbent upon an appellant claiming ineffective assistance of counsel on such grounds to proffer *specific,* **admissible** evidence to be presented at an evidentiary hearing in order to even warrant a hearing on such a claim") (emphasis added).

**2.    Lidell Brightman**

Defendant claims that Lidell Brightman would testify that he never identified defendant as the gunman to detectives, contrary to a police "Investigative Interview Report" (Second Supplemental Petition, ¶6). However, as Brightman never testified at trial, his mere alleged non-identification is irrelevant and non-exculpatory. Thus, Brightman should be precluded from testifying.

**3.    Butchie Long (defendant).**

Defendant proffers himself as a witness to testify to his actual innocence and that trial counsel informed him of a plea offer and told him to reject it (Second Supplemental Petition, ¶ 7). This Court already offered defendant the opportunity to testify at trial. After a thorough colloquy, defendant informed this Court that he decided of his own free will to not testify (N.T. 5/15/13, 212). "It is well settled that a defendant who made a knowing, voluntary, intelligent waiver of testimony may not later claim ineffective assistance of counsel for failure to testify." Commonwealth v. Lawson, 762 A.2d 753,

753 (Pa. Super. 2000). Therefore, defendant has no cognizable claim to raise with his own testimony.

Defendant's proposed testimony about counsel advising him to reject the plea offer should not be permitted. Presumably, defendant would testify about this to support the allegation he raised in an earlier petition that "[t]rial counsel's advice to reject the plea offer was objectively unreasonable" because the Superior Court on direct appeal found that the evidence "strongly" and "unequivocally" established guilt. (Amended Petition, filed 4/7/16, ¶ 94). Defendant wants to have it both ways. On the one hand, he insists on his innocence and wants to present witnesses to testify. On the other hand, he claims that he went to trial merely because counsel advised him not to take the plea. Defendant fails to demonstrate any alleged failing on the part of counsel in advising a defendant who maintains his innocence to proceed to trial. Indeed, if defendant could do so, then every defendant who does not prevail at trial and on appellate review could claim in hindsight that counsel should have advised him to take the plea. Thus, the allegation that counsel was ineffective in this regard should be dismissed without a hearing.

**4.    Eric Green**

Defendant claims that Eric Green would testify that he was present during the murder and that defendant was not the gunman. Defendant faults counsel for not calling this witness. Without making any concessions regarding the law or facts, the Commonwealth does not oppose a hearing with regard to this witness.

5.   **Delisa Griffin**

Defendant wishes to present Delisa Griffin as an "after-discovered" alibi witness, who would allegedly testify that she was present with defendant at the time of the shooting (Second Supplemental Petition, page 6). She would further testify that defendant asked her to testify at his trial but she "did not want to get involved" because she did not want her friend to know she had a sexual relationship with defendant (Second Supplemental Petition, ¶ 8(f)). Obviously, she is not after-discovered. Defendant would know if he was with her. Regardless of her reluctance "to get involved," defendant could have subpoenaed her to testify. However, defendant told this Court that he did not wish to call any witnesses (N.T. 5/15/13, 208-209). Thus, his claim of after-discovered evidence should be dismissed without a hearing and Ms. Griffin should not be permitted to testify.

**6.   Defendant's discovery request should be denied.**

Defendant requests in camera review of the police and prosecution's files to see if they contain exculpatory statements by Benderick Sterns or Eric Green (Amended Petition, filed 4/7/16, at ¶ 97). This is improper.

Under the rules of criminal procedure governing PCRA proceedings, "[e]xcept as provided in paragraph (E)(2) [pertaining to capital cases], no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). "By way of PCRA discovery background, it is important to reemphasize that, although substantive *Brady* claims may be cognizable under the PCRA, *Brady* does not govern the question of the scope of discovery under the PCRA." Commonwealth v. Williams, 86 A.3d 771, 788 (Pa. 2014)

4

(citing District Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 68-69 (2009). Furthermore, "there is no general right, under *Brady* and our Criminal Rules as a trial matter, or under Rule 902(E)(2) as a capital PCRA matter, to inspect the prosecutor's file." Id. Therefore, defendant's request should be denied.

**7.    Defendant's request for an order that shell casings be uploaded to a computer system should be denied.**

Defendant claims that he is making a "discovery" request that the "shell casings collected from the shooting scene be submitted and uploaded to the Integrated Ballistics Identification System ('IBIS')" (Amended Petition, ¶ 102). Defendant does not establish extraordinary circumstances or cite any precedent for obtaining such an order. Defendant's request is improper. See Commonwealth v. Williams, 86 A.3d 771, 790 (Pa. 2014) (speculative claims and fishing expeditions not permitted under PCRA discovery rules).

## ANSWER

The factual allegations and assertions made by petitioner are DENIED.

WHEREFORE, the Commonwealth respectfully requests that a hearing be limited solely to defendant's claim that counsel was ineffective for not calling Eric Green, that the claims regarding his other proposed witnesses be dismissed, and that his discovery request be denied.

                                                Respectfully submitted,

                                                R. SETH WILLIAMS
                                                District Attorney

                                                BY: _____/s/_____
                                                      SAMUEL H. RITTERMAN
                                                      Assistant District Attorney

cc:  Craig Cooley, Esquire