## CLAIM Ia

### THE COMMONWEALTH'S SUPPRESSION OF THE IMMUNITY EMAIL VIOLATED PETITIONER'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT AS ARTICULATED IN *KYLES V. WHITLEY*

The parties have been litigating the question of whether the Commonwealth's suppression of the immunity email violated due process. Based on trial counsel's hearing testimony, Petitioner amends his claim to specifically add that suppression of this information violated principles set forth in *Kyles v. Whitley*, 514 U.S. 419, 446 (1995).

*Kyles* recognized that the lack of thoroughness (or in this case, the complete absence) of a police investigation of alternative suspects is a critical tool for defense counsel as a means of attacking the integrity of the investigation. Here, had trial counsel learned of the free pass given Gaffney on a VUFA and possible attempt murder charge, "the defense could have [] attacked the reliability of the investigation in failing to even consider [Gaffney's] possible guilt" or at the very least how his liability cast doubt on an investigation that simply accepted his implication of Mr. Long without further investigation. *Kyles*, *id.*, at 446; *see also id. citing Bowen* v. *Maynard*, 799 F.2d 593, 613 (10th Cir. 1986) ("A common trial tactic of defense lawyers is to discredit the caliber of the investigation or the decision to charge the defendant, and we may consider such use in assessing a possible *Brady* violation") and *Lindsey v. King*, 769 F.2d 1034, 1042 (5th Cir.

1985) (withheld *Brady* evidence "carried within it the potential ... for the ... discrediting ... of the police methods employed in assembling the case."); *Wilson v. Beard*, 589 F.3d 651, 664 (3d Cir. 2009) ("The question under *Brady* is whether 'disclosure of the suppressed evidence to *competent* counsel would have made a different result reasonably probable.'") quoting *Kyles*, *id.* at 441 (emphasis in original). The prosecutor's acknowledgement in the suppressed email that Gaffney was so unreliable that even with a grant of use immunity the Commonwealth could not risk arresting him, underscores the peril of immediately embracing his account and enhances the materiality of the *Brady* violation.

In his hearing testimony, counsel repeatedly indicated that he would have made significantly advantageous use of the suppressed email. *See* NT 3/8/2023, 45, ("I would have found a way to use" it); at 44 ("I would have put this on a poster board the size of that desk there, and highlighted everything that I think the jury should have been made aware of. I did not approve an arrest. We needed him as a witness. It may change if it gives you a hard time. So to me, I think the value of that is very, very high."); 57 ("if I was provided with it, I would have used it during my cross-examination somehow, someway, against either Gaffney or the detective.")

          Respectfully Submitted:

          *s/Karl Schwartz*
          KARL SCHWARTZ, ESQ.
          MICHAEL WISEMAN, ESQ.
          Wiseman & Schwartz, LLP
          718 Arch Street, Suite 702 N
          Philadelphia, PA 19106
          schwartz@wisemanschwartz.com
          (215) 360 – 3988

DATE:    November 14, 2023
          Philadelphia, PA

## Certificate of Service

I, Karl Schwartz, hereby certify that on this 14th day of November, 2023, I served the foregoing upon the following persons by filing the same with this Court's ECF Filing System:

>Shoshana Silverstein, Esq.
>Federal Litigation Unit
>Philadelphia County
>District Attorney's Office

>*/s/ Karl Schwartz*

>Karl Schwartz