# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LONG** | : | **19-cv-3192** |
| | : | **HON. WENDY BEETLESTONE** |
| **v.** | : | **UNITED STATES DISTRICT JUDGE** |
| | : | **HON. LYNNE A. SITARSKI** |
| **McGINLEY, et. al.** | : | **UNITED STATES MAGISTRATE JUDGE** |

## UNOPPOSED REQUEST FOR EXTENSION

Petitioner, through his attorney, Karl Schwartz, Esq. respectfully requests that he be granted ninety (90) days, until October 21, 2024, to file a motion to amend and proposed amendment, based on the following:

1. On March 8, 2023, the Court conducted an evidentiary hearing on Claim I of the Habeas Petition which alleges a due process violation.

2. The due process claim relates to earlier habeas discovery that revealed a supervising prosecutor had ordered police not to arrest the Commonwealth's central witness against Petitioner (Rashan Gaffney). Gaffney had illegally possessed and illegally fired a firearm during the incident. The supervising prosecutor's order had not been disclosed to trial counsel.

3. On June 27, 2023, following the evidentiary hearing, Petitioner filed his post-hearing brief.

4. Respondents were due to file their Response; however, on January 12, 2024, Respondents' counsel disclosed to Petitioner's counsel that the Commonwealth had discovered another homicide case (decedent Horton) involving the witness (Gaffney) who was the subject of the *Brady/Napue* claim that was the central issue of the evidentiary hearing in this case. The Commonwealth's investigation in the Horton homicide involved a possible reference to the investigation in this case, and one of the defendants in that homicide was the brother of the decedent in this case.

5. Considering the possible relatedness and relevance of that matter to this one, the parties agreed that Petitioner's counsel should have the opportunity to review the District Attorney's and Homicide Unit's files in that other matter, and Respondents' counsel agreed to facilitate that review.

6. On January 22, 2024, upon the joint request of the parties, this Court vacated and reset the briefing schedule,

7. Due to undersigned counsel's recent medical leave, this Court extended the deadline for Petitioner to file a supplemental pleading based on review of the additional Homicide and DAO files. The current due date is July 23, 2024.

8. Undersigned counsel, who is back to work, recently reviewed the Horton Homicide and DAO files. That review revealed a significant amount of additional new material regarding witness Gaffney. In a forthcoming motion to

amend and proposed amendment, Petitioner will contend that this material constitutes *Brady* evidence that should have been disclosed but was suppressed in violation of Petitioner's constitutional rights.

9. The new material includes, *but is not limited to*, the following:

(1) At the time of Gaffney's testimony at Petitioner's trial Philadelphia police regarded Gaffney as a suspect in at least two shootings including a homicide;

(2) Philadelphia police detectives interrogated Gaffney as the prime suspect in the nonhomicide shooting;

(3) During the Horton homicide trial (held one month before Petitioner's trial) the trial prosecutor directly accused Gaffney of intimidating a trial witness. The prosecutor presented evidence in support of that accusation.

10. The Commonwealth had all this information before Petitioner's case went to trial. None of it was disclosed to trial counsel, and thus Gaffney was confronted with none of it.

11. A motion to amend and proposed amendment will be filed alleging due process violations stemming from this newly revealed information about Rashan Gaffney, and the Commonwealth's failure to disclose it. However, disclosure of this information also necessitated additional investigation. Petitioner has already hired and consulted with an investigator. Since that consultation, the investigator has conducted considerable investigation into these issues. He expects to complete his

investigation within the next thirty (30) days, and undersigned counsel believes that a motion to amend and proposed amendment can be filed within the next ninety (90) days.

12. Based on the foregoing, Petitioner respectfully requests that the Court grant him an additional ninety (90) days to file his motion to amend and proposed amendment.

13. Respondent does not object to this request.

WHEREFORE, Petitioner Butchie Long, respectfully requests that he be permitted to file his motion to amend and proposed amendment by October 21, 2024; that Respondents be required to file their Response by November 20, 2024; and that any Reply be filed by December 4, 2024.

Respectfully Submitted:

*s/Karl Schwartz*_____
KARL SCHWARTZ, ESQ.
Wiseman & Schwartz, LLP
718 Arch Street, Ste. 701 N
Philadelphia, PA 19106
schwartz@wisemanschwartz.com
(215) 360 - 3988

DATE: July 22, 2024
Philadelphia, PA

## Certificate of Service

I certify that the attached pleading has been served upon David Napiorski, Esq., of the Philadelphia District Attorney's Federal Litigation Division through the Court's ecf system, on July 22, 2024.

*s/Karl Schwartz*

Karl Schwartz