IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                              |   |                      |
|------------------------------|---|----------------------|
| BUTCHIE LONG,                | : | CIVIL ACTION         |
|                              | : | (habeas corpus)      |
| Petitioner                   | : |                      |
|                              | : |                      |
| v.                           | : | NO.  19-cv-3192      |
|                              | : |                      |
| THOMAS MCGINLEY, et al.      | : |                      |
|                              | : |                      |
| Respondents                  | : |                      |

**MOTION TO SCHEDULE TELEPHONIC STATUS CONFERENCE**

Petitioner respectfully requests that the Court schedule a telephonic status conference at which time the parties may update the Court as to the procedural posture of this case. In support, petitioner Butchie Long states as follows:

Pending before the Court is Mr. Long's petition for a writ of habeas corpus, as supplemented and amended. *See* ECF Nos. 1, 20, 62, 73, 80. The Commonwealth's response to that petition is currently due on June 21, 2025. *See* ECF No. 79. To preserve his claims under Pennsylvania's Post Conviction Relief Act (PCRA), Mr. Long filed a PCRA petition on March 3, 2025 in the Philadelphia County Court of Common Pleas, which he subsequently amended on May 2, 2025. As amended, Mr. Long's PCRA puts forth some, but not all, of the same claims pending before this Court.

To facilitate the litigation of *all* of Mr. Long's claims before a single court, Mr. Long likewise filed a Motion to Stay Post Conviction Relief Act Proceeding on May 2, 2025. *See* Motion to Stay (attached as Ex. A). A hearing regarding that motion took place before the Honorable Judge Barbara A. McDermott on May 8, 2025. Judge McDermott has indicated the

court will likely grant the motion, pending receipt of a certification from Mr. Long confirming that counsel have advised him of the current procedural posture and of the stay request.

Mr. Long now seeks a telephonic status conference before this Court to clarify issues related to: (1) the procedural posture of the parallel state and federal proceedings; and (2) the possibility of a waiver of exhaustion as to certain claims. Counsel for Mr. Long has corresponded with counsel for respondents. Given the procedural complexities, all parties agree that a telephonic status conference would be beneficial to both the litigants and this Court.

Respectfully submitted,

*/s/ Nilam A. Sanghvi*
Nilam A. Sanghvi
Clayton Waterman
Jonah Rosenbaum
Pennsylvania Innocence Project
1515 Market St., Suite 300
Philadelphia, PA 19102
(215) 204-4255

Karl Schwartz
Wiseman, Schwartz, Cioschi & Trama LLP
718 Arch Street, Suite 702 N
Philadelphia, PA 19106
schwartz@wisemanschwartz.com
(215) 360-3988

*Counsel for Petitioner Butchie Long*

Date:   June 9, 2025

**CERTIFICATE OF SERVICE**

    I hereby certify that on this date I caused a copy of the foregoing to be served upon all counsel via the Eastern District of Pennsylvania's ECF system.

                                                                                                     */s/ Nilam Sanghvi*  
                                                                                                     Nilam A. Sanghvi

Date:   June 9, 2025

# EXHIBIT A

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA,<br>Respondent | : | |
| | : | |
| | : | CRIMINAL TRIAL DIVISION |
| | : | CP-51-CR-03619-2012 |
| v. | : | |
| | : | |
| | : | |
| BUTCHIE LONG,<br>Petitioner | : | |
| | : | |

**[Proposed] ORDER**

    AND NOW, on this _____ day of _____, 2025, upon consideration of Petitioner Butchie Long's Motion to Stay PCRA Proceedings and of the Commonwealth's position, it is hereby ORDERED AND DECREED that Petitioner's Motion is GRANTED. This matter is STAYED pending the outcome of Petitioner's pending federal habeas petition.

    By the Court:

_____
McDermott, J.

Nilam A. Sanghvi
Pa. Atty. ID No. 209989
Clayton Waterman
Pa. Atty. ID No. 328122
Jonah Rosenbaum
Pa. Atty. ID No. 333599
THE PENNSYLVANIA INNOCENCE PROJECT
1515 Market Street, Suite 300
Philadelphia, PA 19102

Karl D. Schwartz
Pa. Atty. ID No. 38994
WISEMAN, SCHWARTZ, CIOSCHI, & TRAMA LLP
718 Arch Street, Suite 702 North
Philadelphia, PA 19106

*Counsel for Petitioner Butchie Long*

## IN THE COURT OF COMMON PLEAS
## PHILADELPHIA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| Respondent | : | |
| | : | |
| | : | CRIMINAL TRIAL DIVISION |
| | : | CP-51-CR-03619-2012 |
| v. | : | |
| | : | |
| | : | |
| BUTCHIE LONG, | : | |
| Petitioner | : | |

## MOTION TO STAY POST CONVICTION RELIEF ACT PROCEEDING

TO THE HONORABLE BARBARA MCDERMOTT PRESIDING IN THE COURT OF COMMON PLEAS CRIMINAL TRIAL DIVISION FOR THE COUNTY OF PHILADELPHIA:

      Petitioner Butchie Long, through counsel, files this *Motion to Stay Post Conviction Relief Act Proceeding*. In support, Long states as follows:

      1.    On May 17, 2013, a jury found Long guilty of first-degree murder and related offenses in connection with the November 10, 2011 shooting of Ercel Butts-Sterns in West Philadelphia. Rashan Gaffney was the Commonwealth's star witness and, as this Court is aware, his recanted inculpatory identification was the *only evidence* connecting Long to the shooting.

2. Since his conviction, Long has consistently maintained his innocence and pursued post-conviction relief.

3. On July 22, 2019, Long filed a federal habeas petition in the United States District Court for the Eastern District of Pennsylvania. Long's habeas attorneys were given access to the District Attorney's trial file, where they found a previously undisclosed memorandum from the Assistant Chief of the District Attorney's Homicide Unit indicating that Gaffney *would not be arrested*, notwithstanding that he had been captured on video surveillance shooting an unlicensed firearm at another person approximately twenty minutes before the decedent was killed. During trial, when this Court mentioned to the jury that Gaffney would not be prosecuted for his conduct, the prosecutor Bridget Kirn (ostensibly) corrected the Court that the immunity that Gaffney enjoyed was only use immunity.[1] The prosecutor did not disclose to this Court that the decision had been made not to arrest Gaffney.

4. Long pled the suppression of the memorandum and the information it contained as a due process violation in his habeas petition, and the federal district court held an evidentiary

---

[1] This is one instance where immunity was discussed at the trial:

| | |
|---|---|
| Tinari: | That meant that they couldn't prosecute you for your testimony, correct? |
| Gaffney: | Yes. |
| Tinari: | And it was after that that you made a decision to testify; is that right? |
| Gaffney: | Yes. |
| Ms. Kirn: | Objection |
| The Court: | That's Overruled. But so we're clear, they couldn't prosecute him for his behavior. |
| Ms. Kirn: | *This was just for testimony*. |
| The Court: | It was just for testimony? It was *use immunity?* |
| Ms. Kirn: | *Yes*. |
| The Court: | It was for his testimony. |

N.T. 5/14/2013, 242-43 (emphasis added).

2

hearing on March 8, 2023. At the hearing, Gaffney testified that he was promised that he would never be arrested, and Long's trial counsel Eugene Tinari testified about the ways in which he would have utilized the suppressed memorandum to undermine Gaffney's credibility.

5. In the course of further investigating this case after the hearing, the Commonwealth discovered additional files regarding cases involving Gaffney and produced them to counsel for Long on March 4, 2024.

6. Those files contained additional suppressed exculpatory information, and Long amended his federal habeas petition on October 21, 2024 to raise additional due process claims. The information included that Gaffney was a suspect in another homicide at the time he gave his statement implicating Long and that he was the prime suspect in a retaliation against witness shooting at the time he testified in Long's case.

7. On March 3, 2025, Long also filed a PCRA petition in this Court to raise these new claims. This Court ordered the Commonwealth to respond to the petition by May 8, 2025.

8. Long now respectfully asks this Court to stay this PCRA proceeding so that he can litigate his claims together in federal court. A stay would serve the interests of judicial economy, as litigation is already in progress before a federal court that recently held an evidentiary hearing closely related to Long's new claims, and that court took testimony from Gaffney during the hearing. In addition, allowing Long to litigate all his constitutional claims together in one forum would allow for the cumulative review of all *Brady* material mandated by the Supreme Court. *See Kyles v. Whitley*, 514 U.S. 419, 436 (1995) (materiality analysis requires that "suppressed evidence [be] considered collectively, not item by item"); *see also, e.g.*, *Glossip v. Oklahoma*, 145 S.Ct. 612, 629 (2025) (emphasizing importance of cumulative analysis in the context of due process claims); *Wearry v. Cain*, 577 U.S. 385, 394 (2016) (*per curiam*) (granting

federal habeas relief where "state postconviction court improperly evaluated the materiality of each piece of evidence in isolation rather than cumulatively").

## CONCLUSION AND REQUESTED RELIEF

WHEREFORE, Petitioner Butchie Long prays that this Honorable Court will stay his current PCRA proceedings pending the outcome of his federal habeas proceedings. If this matter is stayed, Long will provide the court with status reports regarding the federal proceedings at regular intervals.

Respectfully submitted,

*/s/ Nilam A. Sanghvi*
Nilam A. Sanghvi (Pa. Atty. ID No. 209989)
Clayton Waterman (Pa. Atty. ID No.328122)
Jonah Rosenbaum (Pa. Atty. ID No. 333599)
THE PENNSYLVANIA INNOCENCE PROJECT
1515 Market Street, Suite 300
Philadelphia, PA 19102
(214) 204-4255
nilam.sanghvi@painnocence.org

Karl Schwartz (Pa. Atty. ID No. 38994)
WISEMAN, SCHWARTZ, CIOSCHI, & TRAMA LLP
718 Arch Street, Suite 702 North
Philadelphia, PA 19106
(215) 360-3988
schwartz@wisemanschwartz.com

*Counsel for Petitioner Butchie Long*

May 2, 2025

4

# IN THE COURT OF COMMON PLEAS
# PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA,<br>Respondent<br><br>v.<br><br>BUTCHIE LONG,<br>Petitioner | :<br>:<br>:<br>:    CRIMINAL TRIAL DIVISION<br>:    CP-51-CR- CR-03619-2012<br>:<br>:<br>:<br>:<br>: |

## VERIFICATION

The facts in this Motion are true and correct to the best of undersigned's knowledge, information, and belief, and are verified subject to penalties for unsworn falsifications to authorities under Pennsylvania Crimes Code Section 4904 (18 Pa. C.S. § 4904).

                                                                                       /s/ *Nilam A. Sanghvi*
                                                                                       Nilam A. Sanghvi, Esq.

May 2, 2025

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| Respondent | : | |
| | : | |
| | : | CRIMINAL TRIAL DIVISION |
| | : | CP-51- CR-03619-2012 |
| v. | : | |
| | : | |
| | : | |
| Butchie Long, | : | |
| Petitioner | : | |

### CERTIFICATE OF SERVICE

    Nilam A. Sanghvi, Esquire, being duly sworn according to law does hereby state and aver that she is counsel for the petitioner in the above-captioned matter and that she has served the foregoing Motion by electronic filing and e-mail, upon

        Mackenzie Hayes
        Assistant District Attorney
        Philadelphia District Attorney's Office
        3 South Penn Square
        Philadelphia, PA 19107.

        */s/ Nilam A. Sanghvi*
        Nilam A. Sanghvi (Pa. Atty. ID No. 209989)
        THE PENNSYLVANIA INNOCENCE PROJECT
        1515 Market Street, Suite 300
        Philadelphia, PA 19102
        (214) 204-4255
        nilam.sanghvi@painnocence.org

        *Counsel for Butchie Long*

May 2, 2025